UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS A. LUGO-RAMIREZ, AWILDA ESCLAVON-MATIAS, and the conjugal partnership they constitute,<br><br>Plaintiffs,<br><br>v.<br><br>BAXTER HEALTHCARE CORPORATION OF PUERTO RICO, INC.,<br><br>Defendant. | Civil No. 97-2305 (JAF) |

## OPINION AND ORDER

Plaintiffs, Carlos A. Lugo-Ramírez ("Lugo") and his wife, Awilda Esclavón-Matías, and their conjugal partnership, bring this action for damages and declaratory relief against Defendant, Mr. Lugo's employer, Baxter Healthcare Corporation of Puerto Rico, Inc. ("Baxter-PR"), alleging illegal discrimination because of age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634 (1994), and Local Laws Nos. 80 and 100, 29 L.P.R.A. §§ 185(a) and 146.

### I.

### Factual History

Plaintiff began his employment as a Chemistry Laboratory and Sterilization Specialist at the Edwards Plant in Añasco, Puerto Rico,

Civil No. 97-2305 (JAF)                                                                                           2-

in February 1978. During Plaintiff's employment, Baxter's parent company, Baxter Healthcare Corporation ("BHC"), bought the Edwards Plant and Baxter-PR assumed control of operations.

Plaintiff alleges that throughout the entire course of his employment, he was an exemplary employee who received regular promotions. By February 1991, Plaintiff held the position of Senior Technical Sterilization Supervisor for three divisions of Baxter Healthcare Corporation. Additionally, Plaintiff maintains that he ceaselessly received excellent employee evaluations, including one rating of "distinguished," the highest possible distinction at Baxter-PR. On June 14, 1995, Plaintiff's last evaluation rated him as "outstanding."

In October 1995, Grayston Licht became Plaintiff's supervisor. Plaintiff alleges that Licht exhibited open hostility towards Plaintiff, which manifested itself in a campaign of harassment. Plaintiff asserts that Licht discriminated against him because of his age. Plaintiff contends that the purpose of this antagonistic treatment was to compel Plaintiff to resign from employment with Baxter-PR. The specific acts of harassment of which Plaintiff complains include a spurious work evaluation followed by a succession of critical memos and reports attributing Licht's inadequacies and foibles to Plaintiff. Plaintiff maintains that Baxter-PR tacitly and knowingly approved of Licht's discriminatory actions.

On June 17, 1996, Defendant fired Plaintiff. Plaintiff was forty-seven years old at the time of his termination. Plaintiff contends that despite the pretextual reason given, Defendant's real reason for terminating him was illegal age discrimination. Plaintiff maintains that Baxter-PR's General Manager, Enrique Martínez, had corporate authority to terminate him and that he, along with other members of Baxter-PR's management staff, ratified or acquiesced to Licht's discrimination against and subsequent termination of Plaintiff.

Defendant Baxter-PR moves for summary judgment alleging that there is a legitimate and non-discriminatory reason for Plaintiff's termination: His admitted fraudulent alteration of a training document in violation of Baxter's express policy prohibiting falsification of documents. Therefore, Baxter-PR maintains that the ADEA claim must be dismissed.

## II.

### Summary Judgment Standard

"The core purpose of summary judgment is to 'pierce the boilerplate of the pleadings' and examine the parties' proof to determine whether a trial actually is necessary." Vega-Rodriguez v. Puerto Rico Telephone Co., 110 F.3d 174, 178 (1st Cir. 1997) (quoting Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992)). Therefore, if the pleadings, depositions, answers to interrogatories,

Civil No. 97-2305 (JAF)                                                              4-

admissions, and any affidavits on file show that there is no genuine issue as to a material fact, then the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Where the moving party does not have the burden of proof at trial, that party must make a showing that the evidence is insufficient to support the nonmoving party's case. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). Once the initial showing has been made, it is up to the nonmoving party to establish the existence of a genuine disagreement as to some material fact. <u>United States v. One Parcel of Real Property with Bldgs.</u>, 960 F.2d 200, 204 (1st Cir. 1992). In this context, "genuine" means that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a "material fact" is one which "might affect the outcome of the suit under the governing law." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 257 (1986). Throughout this analytical process, any doubt as to the existence of a genuine issue of fact should be resolved against the moving party, <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 158-59 (1970), and courts "must view the evidentiary record in the light most hospitable to the nonmovant and must indulge all reasonable inferences in his favor." <u>Sheinkopf v. Stone</u>, 927 F.2d 1259, 1262 (1st Cir. 1991); <u>Griggs-Ryan v. Smith</u>, 904 F.2d 112, 115. (1st Cir. 1990).

Civil No. 97-2305 (JAF) 5-

## III.

### Age Discrimination in Employment Act

In order to establish a disparate treatment claim under the ADEA, the plaintiff must establish that he was treated adversely because of his age. To survive a motion for summary judgment, the plaintiff must either present direct evidence of discrimination or make out a prima facie case of discrimination, using the familiar McDonnell-Douglas burden-shifting paradigm developed for Title VII claims. See Bramble v. American Postal Workers Union, AFL-CIO, Providence Local, 135 F.3d 21, 24 (1st Cir. 1998); Mesnick v. General Electric Co., 950 F.2d 816, 823 (1st Cir. 1991). If there is no direct evidence of age discrimination, the plaintiff is required to make out a prima facie case demonstrating (1) that he falls within the ADEA protected age group -- that he is more than forty years of age; (2) that he met the employer's legitimate performance expectations; (3) that he experienced adverse employment action; and (4) that he was replaced by another individual with similar skills and qualifications. See Bramble, 135 F.3d at 25; DeNovellis v. Shalala, 124 F.3d 298, 307 (1st Cir. 1997); Vega v. Kodak Caribbean, Ltd., 3 F.3d 476, 479 (1st Cir. 1993).

Once plaintiff has established his prima facie case, a presumption is created that the employer unlawfully discriminated against the employee, and we then begin the second stage of the

Civil No. 97-2305 (JAF)                                                          6-

analysis. At this point, the burden of production shifts to the defendant-employer to state some legitimate, non-discriminatory reason for the employee's termination. <u>Mesnick</u>, 950 F.2d at 823. However, we note that the burden of persuasion remains with the plaintiff-employee at all times. <u>Id.</u> If the defendant sustains its burden of production, the presumption of unlawful age discrimination is dispelled. It is then that the plaintiff must demonstrate that the employer's proffered reason for the alleged adverse employment action was pretextual, and that the real motive behind the action was age discrimination. <u>Lawrence v. Northrop Corp.</u>, 980 F.2d 66, 69-70 (1st Cir. 1992). The plaintiff must do more than cast a doubt on defendant's justification for the challenged action; there must be a sufficient showing that discriminatory animus motivated the employer's action. <u>Mesnick</u>, 950 F.2d at 824. Direct or indirect evidence of a discriminatory motive may do, but "the evidence as a whole . . . must be sufficient for a reasonable fact-finder to infer that the employer's decision was motivated by age animus." <u>Connell v. Bank of Boston</u>, 924 F.2d 1169, 1172 n. 3 (1st Cir. 1991). The plaintiff must pass this last hurdle in order to thwart defendant's motion for summary judgment.

## IV.

### Analysis

In the instant case, there is no "smoking gun" implicating Defendant in illegal age discrimination against Plaintiff. Therefore, we turn to the McDonnell-Douglas framework in analyzing the issue. Plaintiff has satisfied the prima facie showing: He is forty-seven years old; he received numerous promotions and exemplary evaluations throughout his employment with Defendant; he experienced the most adverse of employment actions, termination; and he was replaced by a younger employee who received significantly less pay. Therefore, we presume that Defendant unlawfully discriminated against Plaintiff and proceed to the second prong of the analysis.

At this point, Defendant has the burden of producing a legitimate, non-discriminatory reason for the employee's termination. Here, Defendant maintains that Plaintiff falsified a company document in explicit violation of company policy and procedure.[1] Alteration of company documents is categorized as a "major violation" of BHC's Employee Rules and Regulations ("Rules"). Furthermore, according to the Rules, major violations ordinarily result in termination of the

---

[1] Plaintiff asserts that fraud is a material issue of fact upon which the parties disagree and, therefore, it precludes summary judgment. We disagree. The company policy explicitly prohibits alteration and falsification of company documents. Here, Plaintiff concedes that he falsified a company document. That is enough under Baxter's policy. Therefore, we need not explore the allegedly fraudulent nature of such action.

Civil No. 97-2305 (JAF)                                                                 8-

employee. Defendant contends that as a result of Plaintiff's major violation, Licht, his supervisor, the Human Resources Manager and the Specialist assigned to Plaintiff's work area, held a meeting to discuss the matter. Defendant alleges that at that meeting the participants determined that Plaintiff's falsification and alteration of a company document warranted his dismissal. This decision was discussed with General Manager Martínez. On June 17, 1998, the Human Resources Manager informed Plaintiff of his termination. At this point, Plaintiff alleged that Licht had also falsified the document by signing his attendance when he had not been present. Defendant alleges that the Human Resources Manager approached Licht concerning this matter and Licht maintains that he did attend the training. We find that Defendant has met its burden of offering a legitimate, non-discriminatory reason for Plaintiff's termination.

Although Plaintiff also alleges that the decision of whether or not to terminate is committed to the complete discretion of management, we do not find that this creates a genuine issue of material fact. The fact that the decision is based upon a judgment call by supervisors does not automatically generate an issue of material fact. The managers made the decision and proffered the fact that Plaintiff materially violated company policy. Viewing the evidence in the light most favorable to Plaintiff, as we must, we find no genuine issue of material fact based upon this record.

Civil No. 97-2305 (JAF)                                                9-

At this point, we examine whether Plaintiff has demonstrated that Defendant's proffered reason for the alleged adverse employment action was pretextual, and that the real motive behind the action was age discrimination. <u>Lawrence v. Northrop Corp.</u>, 980 F.2d at 69-70. We find that Plaintiff fails to satisfy this burden. Plaintiff has admitted that he altered and falsified a company document and that this is a major violation of company policy. Beyond Plaintiff's bald assertions of age discrimination, we have no evidence of discriminatory animus. Defendant has offered a legitimate, non-discriminatory reason for Plaintiff's termination, violation of company protocol. We find that Plaintiff has failed to satisfy the requirements for an age discrimination claim.

## V.

### State Law Claims

As we have dismissed the foundational federal claims under the ADEA, we must reassess whether we retain jurisdiction over the Puerto Rico law claims. As the Supreme Court stated in <u>United Mine Workers of America v. Gibbs</u>:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not unsubstantial in a jurisdictional sense, the state claims should be dismissed as well.

Civil No. 97-2305 (JAF) 10-

383 U.S. 715, 726 (1966). Balancing the interests of fairness, judicial economy, convenience, and comity, we, accordingly, decline jurisdiction over the Puerto Rico claims as we have dismissed the foundational federal claims at this early stage of litigation. <u>See Rodriguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1177 (1st Cir. 1995).

## VI.

### Conclusion

In accordance with the foregoing, we **GRANT** Defendant's motion for summary judgment. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of August, 1999.

JOSE ANTONIO FUSTE
U.S. District Judge